IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CALEB F. METTILLE, | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Caleb F. Mettille, by and through their undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis and for their causes of action against Defendant BNSF Railway Company, states the following:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Caleb Mettille (herein after Plaintiff) is an individual residing in Jefferson County, Kansas.

2.      Defendant BNSF Railway Company (hereinafter Defendant) is a Delaware foreign for-profit corporation doing business in Kansas within the boundaries of Shawnee County, Kansas. This defendant may be served with process at The Corporation Company, Inc. in Topeka, Kansas.

3.      This action arises under the Americans with Disabilities Act of 1990, Title 42, Chapter 126, Section 12101, *et. seq.*, of the United States Code, as amended (hereinafter ADA) related to various sections including employment, accommodation, discharge, retaliation, attorney's fees, and compensatory and punitive damages.

4.      As the claims enumerated herein arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant is subject to the Court's personal jurisdiction within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff incorporates by reference all aforementioned paragraphs 1 through 5 as if fully set forth herein.

7.      Plaintiff dually filed separate Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") against the Defendant on or about February 27, 2020. The complaints were dual filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8.      Plaintiff was issued his Notice of Right to Sue letter dated August 12, 2020, by the United States Equal Employment Opportunity Commission on or about August 24, 2020. (Please see Exhibit A, which is a copy of the Notice of Right to Sue).

9.      Plaintiff's claims herein were subject to the KHRC/EEOC investigation referenced above.

10.     Plaintiff has exhausted his administrative remedies pursuant to 29 C.F.R. 1601, *et. seq.* or any other rule, law, statute or regulation.

11.     Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

12.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 11 as if fully set forth herein.

13.     Plaintiff was hired by Defendant as a Mechanical Foreman 1/Supervisor on or about November 5th, 2018, a job he was always qualified, including now, to do and perform.

14.     On or about November 15, 2019, approximately one year later, Plaintiff was discharged from his employment with Defendant in an act of Discrimination and Retaliation of his disabilities, violating his rights as stated in the ADA.

15.     Plaintiff is a Caucasian male with multiple disabilities to include Post-Traumatic Stress Disorder (hereinafter "PTSD") and Traumatic Brain Injury (hereinafter "TBI") resulting from military service.

16.     Plaintiff's disabilities described throughout this complaint qualify as disabilities within the meaning of the ADA.

17.     Plaintiff's disabilities of PTSD and TBI are of a nature of impairment making Plaintiff a qualified individual within the meaning of the ADA.

18.     Plaintiff's disabilities of PTSD and TBI are recognized impairments as defined by the ADA.

19.     Plaintiff's disabilities affect more than one appropriate major life activity with impairments that substantially limit those activities as defined by the ADA.

20.     Plaintiff has a record of his impairments as shown by his treatment and disclosures to Defendant of his disabilities, which were known to this Defendant employer.

21.     Plaintiff was treated by Defendant as being perceived as or being regarded as impaired as demonstrated by Defendant allowing employees, including management, to mock Plaintiff and call Plaintiff "weird."

22.     Plaintiff worked for Defendant from on or about November 5, 2018, until on or about November 15, 2019, and that all times of his employment and afterwards up to and continuing through today's date and beyond, even with his disabilities, he qualified for work with this Defendant and continues to do so, both with or without reasonable accommodations.

23.     Despite Plaintiff's ADA disabilities, that all times described in this complaint, currently and into the future, Plaintiff has been and continues to be qualified physically and mentally to perform his job performed at Defendant's place of employment.

24.     That despite being a qualified individual with a disability that was and continues to be capable of doing his job, the Plaintiff was terminated by this Defendant.

25.     That Plaintiff was not terminated for cause and the termination was in bad faith, based in discrimination, and in retaliation of his disabilities described throughout this complaint.

26.     That Defendant is a qualified covered entity under the ADA as Defendant engages in commerce and has more than 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and in fact defendant has more than 500 such employees.

27.     Plaintiff was discriminately terminated immediately after reporting multiple instances of discrimination on to Plaintiff, which occurred on the basis of his disabilities throughout the entire time period of working for Defendant.

28.     Plaintiff requested reasonable accommodations pursuant to his disabilities under the Americans with Disabilities Act of 1990.

29.     The accommodation requests described throughout this complaint were denied by Defendant.

30.     That Plaintiff complained to supervisors and persons with authority at Defendant's workplace on multiple occasions asking that such discrimination based on his disabilities cease and stop.

31.     Plaintiff wrote a letter to his superintendent or to Defendant to such superintendent asking that the acts of discrimination based on his disability cease and stop.

32.     That Defendant did not accommodate Plaintiff despite his reasonable requests for such accommodations.

33.     That Defendant did nothing to stop the discrimination and actually encouraged it to continue.

34.     That Defendant terminated Plaintiff due to his ADA disabilities as opposed to allowing reasonable accommodations or stopping illegal discrimination on the basis of disability.

35.     That the termination described through this complaint was discriminatory and also in retaliation for reporting this aforementioned discrimination due to Plaintiff's disabilities.

36.     That the termination described throughout this complaint was also in retaliation for requesting reasonable accommodation, which was denied by Defendant.

37.     That the termination described throughout this complaint was also in retaliation for reporting the discrimination and asking that it cease.

## COUNT I – DESCRIMINATION ON THE BASIS OF DISABILITY
### (In Violation of the Americans with Disabilities Act of 1990 as Amended)

38.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 37 as if fully set forth herein.

39.     Defendant discriminated against a qualified individual (Plaintiff) with a disability because of his disability.

40.     Defendant discriminated against Plaintiff as an individual in regard to his job advancement.

41.     Defendant discriminated against Plaintiff as an individual in regard to his ultimate discharge from employment with Defendant.

5

42.     Defendant discriminated against Plaintiff as an individual in regard to his overall compensation from Defendant.

43.     Defendant discriminated against Plaintiff as an individual in regard to his job training, and other terms, conditions, and privileges of his employment.

44.     Plaintiff's disabilities of PTSD and TBI require him to be very detailed and rule oriented in the ways he performs tasks, causing to orient himself by lists and very detailed work.

45.     Plaintiff's detailed methodology or focus oriented way of work results directly from his disabilities of PTSD and TBI as coping from said injuries and is a common element from such injuries, impairments, or disabilities.

46.     Plaintiff's detailed methodology or focus oriented style does not prevent him from working the job he was hired to do by Defendant.

47.     Plaintiff's detailed methodology or focus oriented style has benefits and helps his performance, but Plaintiff would have been greatly assisted by accommodation in the form of giving work tasks to him in a simple list.

48.     Defendant was aware of the disabilities and other simple concerns related to accommodation throughout this complaint.

49.     While employed by Defendant and/or under the control of Defendant, Plaintiff was repeatedly subjected to frequent and severe discrimination on the basis of his above referenced disabilities including being regularly ostracized and treated differently than other employees in the same and similar position.

50.     Defendant's employees in the same/similar position, and also amazingly employees in supervisory roles, would use derogatory language toward Plaintiff, mocking his disabilities and the way he worked as result of his disabilities.

51.     An example of the derogatory language in the preceding paragraph of mocking his disability and work was a member of management calling the Plaintiff "weird."

52.     Other employees mocking Plaintiff and his disability was to comment on Plaintiff's speech impediment, which is made worse or caused by his disabilities including both his PTSD and TBI.

53.     Plaintiff requested reasonable accommodations for his disabilities such as being assigned to a different supervisor who did not call him names such as being "weird," or making fun of his speech caused by his PTSD or TBI.

54.     Plaintiff also requested reasonable accommodation such as having his work tasks presented in list form, which helped him process things in line with PTSD and TBI or disability requiring simple reasonable accommodation.

55.     Upon Plaintiff's request for reasonable accommodations for his disabilities, Defendant responded that Plaintiff could not "use his disability as an excuse," and Plaintiff did not receive any form of accommodation for approximately eight weeks.

56.     This treatment was extremely unwelcome, physically threatening, embarrassing, humiliating, was ongoing in nature, and due to Plaintiff's disabilities or perceived disabilities.

57.     Defendant's workplace caused severe tangible psychological injury to Plaintiff resulting in Plaintiff to seek out counseling directly related to trauma and mental anguish caused by this termination.

58.     Defendant herein this case had knowledge of the discrimination and retaliatory behavior toward Plaintiff, as evidenced by Plaintiff's multiple complaints to Defendant referencing the behavior.

59.    Defendant herein this case had knowledge of the discrimination and retaliatory behavior toward Plaintiff, as evidenced by Defendant's supervisors mocking Plaintiff and calling him "weird."

60.    Defendant herein this case failed to take reasonable steps to prevent this discrimination from occurring and to protect Plaintiff from said conduct or retaliation from reporting said conduct.

61.    Defendant has failed to properly train their supervisors concerning their duties and obligations under civil rights laws, including the Americans with Disabilities Act.

62.    Defendant's discriminatory conduct herein this case maliciously or recklessly violated Plaintiff's rights under the Americans with Disabilities Act, and such a violation is sufficient to warrant an award of punitive damages.

63.    As a direct and proximate result of all of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

64.    Plaintiff is entitled to attorney's fees as provided in the ADA and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in their favor against Defendant on Count I of Plaintiff's Complaint, finding that he was subject to a discrimination due to his disabilities or perceived disabilities in violation of the Americans with Disabilities Act of 1990, as amended, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

## COUNT II – RETALIATION FOR OPPOSING DISCRIMINATION UNDER THE ADA
### (In Violation of the Americans with Disabilities Act of 1990 as Amended)

65.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 64 above as if fully set forth herein.

66.     Plaintiff engaged in protected activity protected by the ADA by opposing discrimination and requesting reasonable accommodations.

67.     As a result of engaging in protected activity, Defendant subjected plaintiff to an adverse employment action subsequent to the protected activity, including demotion and then ultimately termination.

68.     A causal, or more accurately a direct connection, exists in relation to engaging in the protected activity described throughout this complaint and the adverse action by this Defendant of demotion and termination also described throughout this complaint.

69.     Plaintiff complained to Defendant about the way he was treated, asking that it be corrected.

70.     Plaintiff complained verbally and complained in writing.

71.     The only insubordinate activity engaged in by Plaintiff was in his lawful opposition to Defendant's practice of continuous discrimination against him.

72.     Defendant management denied accommodation and did not take such requests for accommodation in good faith, and instead retaliated against such requests, discriminated against plaintiff's ADA disability including demotion and ultimately termination.

73.     Defendant terminated Plaintiff in retaliation of Plaintiff exercising his legally protected opposition to a workplace ridden with discrimination against his disabilities.

74.     Defendant terminated Plaintiff in retaliation to Plaintiff objecting to a workplace dominated by harmful and incessant discrimination toward Plaintiff.

75.    Defendant herein this case failed to take reasonable steps to protect Plaintiff from retaliation.

76.    Defendant herein failed to properly train its supervisors concerning their duties and obligations under civil rights laws, including the Americans with Disabilities Act of 1990, as amended.

77.    Properly trained employees and supervisors would not call a veteran employee suffering from PTSD and TBI "weird" or mock him for speech impairments caused by said injury.

78.    Further, properly trained employees and supervisors would grant a reasonable request for accommodation, which was a reasonable request to provide the work tasks in the form of a simple list.

79.    Defendant's conduct herein maliciously or recklessly violated Plaintiff's rights under the Americans with Disabilities Act of 1990, as amended, and such a violation is sufficient to warrant an award of punitive damages.

80.    As a direct and proximate result of Defendant's actions and retaliation herein, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

81.    Plaintiff is entitled to attorney's fees for this retaliation, requiring the bringing of this claim as provided in the ADA, and for the fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in his favor against Defendant on Count II of his Complaint, finding that Plaintiff was terminated in retaliation for opposing discrimination in violation of the Americans with Disabilities Act of 1990, as amended, for an award of back pay and benefits including interest, an award of front pay and benefits including

interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

## DAMAGES

82.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 81 above as if full set forth herein.

83.     Defendant herein discriminated against Plaintiff on the basis of his disabilities with malice and reckless indifference as to the federally protected rights of the Plaintiff.

84.     As a result, Plaintiff has suffered monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, among other non-monetary damages.

85.     Defendant has more than 500 employees.

86.     Plaintiff prays for compensatory and punitive damages in the amount of $300,000.00, as Defendant employees 500 or more employees.

87.     Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits, reasonable accommodations, and interest incurred.

88.     Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

89.     Plaintiff prays for damages in the amount of reasonable attorney's fees.

90.     Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

91.     Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by the ADA or any other relevant source of law related to these claims or within the power of the Court.

11

WHEREFORE, Plaintiff prays the Court enter judgment in his favor against Defendant on all Counts of his Complaint, finding that Plaintiff was terminated in an act of discrimination and in an act of retaliation for opposing discrimination in violation of the Americans with Disabilities Act of 1990, as amended. Plaintiff prays for an award of compensatory and punitive damages in the amount of $300,000.00, an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
BRUCE ALAN. BRUMLEY, #16066
CHLOE E. DAVIS, #28517
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd. Suite 201
Topeka, KS 66611
(785) 267-3367
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

## DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury

on all of these issues in the above-captioned case.

Respectfully submitted,

_/s/Bruce Alan Brumley_
_/s/Chloe Elizabeth Davis_
BRUCE A. BRUMLEY, #16066
CHLOE E. DAVIS, #28517
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd. Suite 201
Topeka, KS 66611
(785) 267-3367
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

# Exhibit A

Jrm 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  Caleb F. Mettille
201 W 5th street
PO Box 139
Perry, KS 66073

From:  Kansas City Area Office
Gateway Tower II
400 State Avenue, Suite 905
Kansas City, KS 66101

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2019-02752 | Faye Watts, Investigator | (913) 551-5841 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_for:_  Natascha Deguire,
Area Office Director

8/12/2020
(Date Mailed)

cc:  BURLINGTON NORTHERN SANTA FE RAILWAY
Matthew Wheeler
Human Resource Director
2650 Lou Menk Drive
Fort Worth, TX 76131

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This Information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- In order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
> In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions, such as:** functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> **Only one** major life activity need be substantially limited.
> With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
> An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
> An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
> An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
> "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
> The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively BOTH transitory (lasting or expected to last six months or less) *AND* minor.
> A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 563-2019-02752 |

KANSAS HUMAN RIGHTS COMMISSION and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>MR. CALEB F METTILLE | Home Phone<br>(785) 845-4411 | Year of Birth |
|---|---|---|

Street Address
201 W 5TH STREET, PO BOX 139, PERRY, KS 66073 — City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>BURLINGTON NORTHERN SANTE FE RAILWAY | No. Employees, Members<br>501+ | Phone No.<br>(785) 435-5616 |
|---|---|---|

Street Address
100 NE JEFFERSON TRAFFICWAY, TOPEKA, KS 66616 — City, State and ZIP Code

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 07-01-2019  Latest 11-15-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired on November 5, 2018 as a Mechanical Foreman 1/Supervisor. I am a person with a disability. I requested reasonable accommodations to be reassigned to work under a different supervisor and to have my work tasks assigned in writing. My requests for work place accommodations were denied. The way my supervisor assigned my job duties exacerbated the problems with my disability. On or around late June 2019, I wrote a letter to the superintendent and informed him how supervisors were abusing their power. I told the superintendent that the supervisors only use disciplinary actions instead of positive reinforcement. On or around August 8, 2019, I was placed on a performance improvement plan (PIP). After being placed on a PIP, I was not given clear guidelines as to the work that needed to be accomplished and I was ostracized by my co-workers. One of my co-workers made the comment about me, 'That guy is fucking weird.' On or about November 15, 2019, I was discharged.

I believe that I was denied reasonable accommodations, placed on a performance improvement plan and discharged because of my disability and in retaliation for requesting a reasonable accommodation, in violation of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Caleb Mettille on 02-27-2020 12:08 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.